IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WHITNEY CHARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-12-331-C |
| ) | |
| WATERFORD MARRIOT HOTEL, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action asserting claims of sexual harassment. Relevant to the present motion, Plaintiff asserts Title VII claims against Defendants IPOK Oklahoma City HR, LLC ("IPOK"); IPROCOKC, LLC, ("IPROCOKC"); and TPG Hospitality, Inc. ("TPG"). Defendant IPOK has answered and admitted to being Plaintiff's employer. Defendants IPROCOKC and TPG filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) asserting that Plaintiff has failed to state a claim for relief. Specifically, IPROCOKC and TPG argue that Plaintiff has failed to plead facts which demonstrate that they were her employer for Title VII liability.

In the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and the subsequent decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Court made clear that to survive a motion to dismiss a complaint must contain enough allegations of fact which taken as true "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. That is, a plaintiff must "nudge[] [her] claims across the line from conceivable to plausible"

in order to survive a motion to dismiss. Id. After consideration of the parties' positions and the allegations in the Amended Complaint, the Court finds Plaintiff has satisfied this standard.

The relevant elements for determining joint liability have been established by the Tenth Circuit:

> Title VII case law recognizes that two separate entities may be a worker's employer if they share or codetermine matters governing the essential terms and conditions of the worker's employment. When a worker is formally employed by one organization, but important aspects of his work are subject to control by another organization, both organizations are employers of the worker. An independent entity with sufficient control over the terms and conditions of the employment of a worker formally employed by another is a joint employer within the scope of Title VII.

Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1330 (10th Cir. 2002) (quoting Zinn v. McKune, 143 F.3d 1353, 1361 (10th Cir. 1998) (Briscoe, J., concurring)). Plaintiff's Second Amended Complaint makes allegations as to each Defendant. As to Defendant IPROCOKC, Plaintiff alleges:

> 12. The Plaintiff was jointly employed by Defendants, TPG HOSPITALITY a/k/a The Procaccianti Group, IPOK OKLAHOMA CITY HR, LLC and IPROCOKC, LLC ("IPROCOKC") a/k/a IPROC OKC HR, LLC d/b/a Waterford Marriott Hotel, and began working for these Defendants on or around May 5, 2011. Each of the Defendants demonstrated their joint employment of the Plaintiff in the following manner:
>
> . . .
>
> (b) IPROCOKC, LLC ("IPROCOKC") a/k/a IPROC OKC HR, LLC is listed as the franchisee of Marriott International in the Franchise agreement. The Franchise Agreement provides that "[a]ll employees of the Franchisee are solely employees of the Franchisee, not

>> Franchisor". IPROCOKC, LLC also owns the land that the Waterford Marriott resides on.

(Dkt. No. 8).

The quoted language alleges that Plaintiff was jointly employed by IPROCOKC and the other Defendants. Paragraph 4 of the Second Amended Complaint also alleges that IPROCOKC owns and operates the Waterford Hotel jointly with the other Defendants. This allegation, combined with ¶ 12(b) set forth above, alleges that IPROCOKC agrees that the employees of the Waterford are its employees. At this stage, these allegations are sufficient to nudge the argument that IPROCOKC is a joint employer from conceivable to plausible.

As for TPG, Plaintiff's allegations are as follows:

> (c) The Plaintiff, the Defendant J. Melton, and all other employees of the Waterford Marriott filled out applications with a TPG Hospitality letterhead. All employee write ups for employee misconduct, including J. Melton and the Plaintiff, have letterhead that states "TPG Hospitality Corrective Action Form". Additionally, all employees are required provided [sic] an employee handbook produced and promulgated by TPG Hospitality. Employees of the Waterford Marriott Hotel also fill out IRS forms that list The Procaccianti Group as the employer.

(Dkt. No. 8, ¶ 12(c)). Thus, there is a non-conclusory allegation that important aspects of Plaintiff's work were controlled by TPG. Accordingly, the Court finds Plaintiff has pleaded facts which plausibly show TPG was a joint employer.

Because the Court has found both Defendants are adequately pleaded as joint employers, it is unnecessary to address the single employer test.

For the reasons set forth herein, the Renewed Motion of Defendants IPROCOKC, LLC, and TPG Hospitality, Inc., to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim (Dkt. No. 13) is DENIED.

IT IS SO ORDERED this 14th day of June, 2012.

ROBIN J. CAUTHRON
United States District Judge